# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **TIMOTHY JOHNSON** *et al.* ) | |
| ) | **Case No. 3:22-cv-00204** |
| v. ) | **Judge Trauger** |
| ) | **Magistrate Judge Holmes** |
| **SEEDS OF HOPE STAFFING AGENCY** *et al.* ) | |

**To: Honorable Aleta A. Trauger, United States District Judge**

## REPORT AND RECOMMENDATION

Pending before the Court is the unopposed motion of Plaintiffs Timothy Johnson and Marteshia Pittman for default judgment (Docket No. 30) against Defendants Seeds of Hope Staffing Agency ("Seeds of Hope") and Julie Hawkins ("Hawkins") (together, "Defendants"). This motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72,[1] and Local Rules 72.01 and 72.02. (Docket No. 34.) The undersigned has reviewed and considered the motion and declarations appended to the motion. For the reasons stated below, the undersigned finds that this matter can be resolved without hearing and respectfully recommends that Plaintiffs' motion for default judgment be **GRANTED IN PART**.

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed this complaint on March 24, 2022 against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and under Tennessee common law for Defendants' alleged failure to compensate Plaintiffs for time that Plaintiffs worked for Defendants. (Docket No. 1.) Plaintiffs' complaint includes a claim for "[w]illful failure to pay minimum wages and overtime wages in violation of the Fair Labor Standards Act of 1938" and a claim for "[u]njust enrichment/Quantum Meruit/Breach of Contract in violation of Tennessee any other applicable state law." (*Id.* at ¶ 19.)

As reflected in the record and as confirmed by counsel for Plaintiffs, Stephen Grace, in his declaration, Defendant Julie Hawkins was served via Certified Mail on April 5, 2022. (Docket Nos. 9, 21). Defendant Seeds of Hope was served via Certified Mail addressed to its registered agent for service of process on March 31, 2022. (Docket Nos. 8, 21). To-date, neither Defendant has responded or otherwise defended this action.

Plaintiffs moved for entry of default (Docket No. 21), and Defendants failed to respond. The Clerk of Court subsequently entered default against both Defendants. (Docket No. 22.)

Now, Plaintiffs seek default judgment against Defendants under four theories of recovery: (1) violation of the FLSA for failure to pay minimum wage; (2) violation of the FLSA for failure to pay overtime; (3) breach of contract; and (4) quantum meruit or unjust enrichment. (Docket No. 30 at 1–5.) Plaintiff Johnson seeks a total of $41,687.90 in damages and Plaintiff Pittman seeks a total of $28,921.20 in damages, which is comprised of the following:

|  | Amount Alleged | |
|---|---|---|
| **Category of Damage** | Johnson | Pittman |
| Unpaid minimum wages | $5,510.00 | $2,610.00 |
| Unpaid minimum wages – liquidated damages | $5,510.00 | $2,610.00 |
| Unpaid overtime wages | $4,933.35 | - |
| Unpaid overtime wages – liquidated damages | $4,933.35 | - |
| Contract damages | $20,801.20 | $23,701.20 |
| TOTAL | **$41,687.90** | **$28,921.20** |

(*Id.* at 5–6.) Plaintiffs served Defendants with a copy of their motion for default judgment and supporting filings. (*Id.* at 7; Docket Nos. 31–33.) Defendants failed to respond.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Default Judgment

Under Rule 55(b)(2), a court may enter a default judgment if that court has jurisdiction, and the movant has met certain procedural requirements. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108–09 (6th Cir. 1995). For a court to grant a motion for default judgment, the complaint must state a claim upon which relief can be granted. *Allstate Life Ins. Co. of New York v. Tyler-Howard*, No. 3:19-cv-00276, 2019 WL 4963230 at *1 (M.D. Tenn. Oct. 8, 2019) (internal citations omitted).

Once default has been entered against a party under Rule 55, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including any jurisdictional averments. *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981); *Antoine*, 66 F.3d at 110–11. Even without this admission, the Court finds that

jurisdiction is properly asserted over Defendants here. This case raises a federal question as Plaintiffs allege FLSA violations among other state law claims arising from the same controversy. Where a district court has subject matter jurisdiction over federal question claims, it may assert supplemental jurisdiction over any state-law claims that are related to, and form part of, the same case or controversy. 28 U.S.C. § 1367. *See also* Fed. R. Civ. P. 18(a).

Due to Defendants' defaults, the Court is entitled to accept as true the well-pleaded factual allegations of the complaint. *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-cv-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)). Default is not, however, considered an admission of damages. *Vesligaj*, 331 F. App'x at 355 ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.").

To determine damages, the trial court can, but is not required to, hold an evidentiary hearing. "[A] hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009); *see also* Fed. R. Civ. P. 55(b)(2) (A district court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Vesligaj*, 331 F. App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing").

Plaintiffs seek entry of default judgment against Defendants and to hold Defendants jointly and severally liable for the following amounts: (i) Plaintiff Johnson seeks a total of $41,697.90 in damages (unpaid minimum wages of $5,510.00; liquidated damages for unpaid minimum wages

of $5,510.00; unpaid overtime wages of $4,933.35; liquidated damages for unpaid overtime wages of $4,933.35; and contract damages of $20,801.20) and (ii) Plaintiff Pittman seeks a total of $28,921.20 in damages (unpaid minimum wages of $2,610.00; liquidated damages for unpaid minimum wages of $2,610.00; contract damages of $23,701.20). (Docket No. 30 at 5–6.)

Because the damages in this case – unpaid wages, liquidated damages, and contract damages – are certain, and supported by sworn declarations (Docket Nos. 31, 32, 33), the Court concludes that an evidentiary hearing is unnecessary. Fed. R. Civ. P. 55(b).

### B. Defendants' Liability

Plaintiffs argue that Defendants are liable under the FLSA for failing to pay minimum wages and overtime wages, and under a breach of contract theory or a quantum meruit or unjust enrichment theory for failing to pay Plaintiffs a certain amount of money in exchange for their performance of certain work. Default judgment on well-pleaded allegations establishes only liability, not the extent of damages for which a particular Defendant is responsible. *Antoine*, 66 F.3d at 110. The Court must, therefore, determine the extent to which Defendants may be held liable for the full amount of damages claimed by Plaintiffs.

#### 1. FLSA

The Court finds that Plaintiffs' complaint establishes Defendants' liability under the FLSA. First, the Court finds that the FLSA applies to Plaintiffs, Defendant Seeds of Hope, and Defendant Hawkins. Plaintiffs allege that they were employees of Defendants (Docket No. 1 at ¶ 4), that Defendant Seeds of Hope is a staffing agency (*id.* at ¶ 8), and that Defendant Hawkins "paid plaintiffs (at times) and directed their work" (*id.* at ¶ 5). Therefore, Plaintiffs are employees, Defendant Seeds of Hope is an "enterprise engaged in commerce or in the production of goods for

5

commerce," 29 U.S.C. § 203(s)(1), and Defendant Hawkins is a "person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d).

Next the Court finds that Defendants violated the FLSA by failing to pay minimum wage and by failing to pay sufficient overtime wages. With respect to minimum wage, the FLSA requires employers to pay a minimum hourly wage of $7.25 per hour. 29 U.S.C. § § 206(a)(1)(C). With respect to overtime wage, the FLSA requires employers to pay overtime to non-exempt employees working over forty hours per week, and that pay rate must be at least one and one-half times the regular pay rate. 29 U.S.C. § 207(a)(1). Plaintiffs allege that Defendants failed to pay Plaintiffs for most or all of their employment and that Defendants failed to pay Plaintiffs for overtime hours that they worked. (Docket No. 1 at ¶¶ 13, 15.)

In sum, Plaintiffs' complaint establishes that Plaintiffs were employees, that Defendants were Plaintiffs' employers, and that Defendants failed to pay both Plaintiffs minimum wages and failed to pay Plaintiff Johnson overtime wages. Plaintiffs are therefore entitled to default judgment under the FLSA and are entitled to recover unpaid minimum wages, unpaid overtime wages, and an equal amount in liquidated damages for Defendants' FLSA violations. 29 U.S.C. § 2016(b).

### 2. **Breach of Contract**

To establish a claim for breach of contract under Tennessee law, a plaintiff must show: (1) the existence of an enforceable contract; (2) non-performance amounting to a breach of that contract; and (3) damages caused by the breach. *C & W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (citing citation omitted). "To be enforceable under Tennessee law, a contract must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Starnes Family Office, LLC v.*

6

*McCullar*, 765 F.Supp.2d 1036, 1050 (W.D. Tenn. 2011) (quoting *Doe v. HCA Health Svcs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)) (cleaned up). Although a contract may be written or oral, it "must be of sufficient explicitness so that a court can perceive what are the respective obligations of the parties." *HCA Health Servs. of Tenn.*, 46 S.W.3d at 196 (quoting *Higgins v. Oil, Chem. & Atomic Workers Int'l Union, Local # 3-677*, 811 S.W.2d 875, 879 (Tenn. 1991)). A contract's terms are "sufficiently definite if they provide a basis for determining whether a breach has occurred and for giving an appropriate remedy." *Jones v. LeMoyne–Owen Coll.*, 308 S.W.3d 894, 904 (Tenn. Ct. App. 2009). Under Tennessee law, "an employment relationship is essentially contractual." *Vargo v. Lincoln Brass Works*, 115 S.W.3d 487, 491 (Tenn. Ct. App. 2003). Tennessee enforces oral at-will employment contracts. *Henry v. Trammell Crow SE, Inc.*, 34 F.Supp.2d 629, 635 (W.D. Tenn. 1998) ("Tennessee law [also] consider[s] at will employment relationship[s] to be contractual in nature.").

To state a valid claim for breach of contract, Plaintiffs are not required to identify all the terms of an enforceable agreement, but the complaint must "raise a right to relief above the speculative level." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Direct recitals of the elements are unnecessary if the complaint contains "either direct or inferential allegations respecting all material elements." *Id.*

Although Plaintiffs have not clearly recited the elements of a breach of contract claims, the Court finds that Plaintiffs have sufficiently alleged offer and acceptance of an employment agreement in which Defendant Seeds of Hope agreed to pay Plaintiffs for their services as hourly employees. (Docket No. 1 at ¶ 10–13). However, the Court does not find that the complaint sufficiently alleges that Defendant Hawkins entered into such an agreement. Plaintiffs have not

alleged sufficient facts to establish that Defendant Hawkins is personally liable for any contractual breaches made by Defendant Seeds of Change.

Nevertheless, the complaint sufficiently alleges that Defendant Seeds of Hope failed to compensate Plaintiffs for their work, which caused Plaintiffs damage. Given Plaintiffs' allegations, the Court finds that Plaintiffs' complaint establishes that Defendant Seeds of Hope breached the contractual employment agreement it had with Plaintiffs.

### 3. Quantum Meruit or Unjust Enrichment

Although the Court finds that Plaintiffs sufficiently alleged a claim for breach of contract, in the absence of any such enforceable contract, the Court finds that Plaintiffs sufficiently alleged an alternative claim for the equitable remedy of quantum meruit or for unjust enrichment.

Tennessee courts may impose a contract implied-in-law under the theory of unjust enrichment "when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (citing *Paschall's Inc. v. Dozier*, 407 S.W.2d 150, 154–55 (Tenn. 1966)). Tennessee courts also recognize quantum meruit "as an equitable substitution for a contract claim that may allow a party to recover the reasonable value of certain goods and services it has provided." *Dillard Constr., Inc. v. Havron Contracting Corp.*, No. E2010–00170–COA–R3–CV, 2010 WL 4746244, at *3 (Tenn. Ct. App. Nov. 23, 2010) (citing *Castelli v. Lien*, 910 S.W.2d 420, 427 (Tenn. Ct. App. 1995)). To succeed on a claim for quantum meruit,

> (1) there must be no existing, enforceable contract covering the same subject matter; (2) the party seeking recovery must prove that it provided valuable goods and services; (3) the party to be charged must have received the goods and services; (4) the circumstances must indicate that the parties involved in the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and (5) the circumstances must also demonstrate that

8

it would be unjust for the party benefitting from the goods or services to retain them without paying for them.

*Id.*

Here, Plaintiffs have sufficiently alleged that they provided valuable services to Defendant Seeds of Hope; that Defendant Seeds of Hope received those services; that the Plaintiffs and Defendant Seeds of Hope understood that Plaintiffs expected to be compensated; and that it would be unjust for Defendant Seeds of Hope to not pay Plaintiffs for those services. (Docket No. 1 at ¶¶ 8–13.) However, as with Plaintiffs' breach of contract claim, the Court does not find that Plaintiffs have sufficiently alleged a claim for unjust enrichment against Defendant Hawkins. Accordingly, Plaintiffs have sufficiently alleged an alternative claim to their breach of contract claim against Defendant Seeds of Hope, should it be determined that no enforceable contract existed.

**C.   Damages**

Both Plaintiff Johnson and Plaintiff Pittman seek damages for unpaid minimum wages, liquidated damages for those unpaid wages, and for breach of contract. Only Plaintiff Johnson seeks damages for unpaid overtime wages and liquidated damages for those unpaid wages. (Docket No. 30 at 5–6.) In total, Plaintiff Johnson seeks $41,687.90 and Plaintiff Pittman seeks $28,921.20. (*Id.*) As detailed below, the Court finds that some of these amounts are proper.

   **1.   <u>Unpaid Minimum Wages (Johnson & Pittman)</u>**

Plaintiff Johnson requests $5,510.00 and Plaintiff Pittman requests $2,610.00 in unpaid minimum wages from both Defendants. (*Id.*)

In his declaration, Plaintiff Johnson states that he worked 40 hours per week; worked from September 1, 2021 to January 9, 2022, or for 19 weeks; and was paid $0 by Defendants. (Docket No. 31 at ¶¶ 2–3, 5.) Because Plaintiff Johnson was entitled to a minimum wage of $7.25 per hour under the FLSA, worked for 19 weeks, and worked 40 hours per week, he is entitled to $5,510.00

in unpaid minimum wages. Accordingly, the Court finds that an award of $5,510.00 in unpaid minimum wages to Plaintiff Johnson is appropriate.

In her declaration, Plaintiff Pittman states that she worked 40 hours per week; worked from September 1, 2021 to early January 2022; and was not paid by Defendants for her work in September 2021 or October 2021.[2] (Docket No. 32 at ¶¶ 2–5.) Thus, because Plaintiff Pittman was entitled to a minimum wage of $7.25 per hour under the FLSA, worked for 19 weeks, and worked 40 hours per week, she is entitled to $5,510.00 in unpaid minimum wages. However, because she received payment for 10 weeks, she is not entitled to $2,900.00 in paid minimum wages. Therefore, she is entitled to $5,510.00 in unpaid minimum wages less $2,900.00 in paid minimum wages, for a total of $2,610.00 in unpaid minimum wages. Accordingly, the Court finds that an award of $2,610.00 in unpaid minimum wages to Plaintiff Pittman is appropriate.

2. **Liquidated Damages for Unpaid Minimum Wages (Johnson & Pittman)**

Plaintiff Johnson requests $5,510.00 and Plaintiff Pittman requests $2,610.00 in liquidated damages for unpaid minimum wages from both Defendants. (*Id.*) Under the FLSA, successful claimants are entitled to "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A court "in its sound discretion" may reduce the amount of liquidated damages only if an employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of [FLSA]." 29 U.S.C. § 260. *See also* 29 C.F.R. 790.22(b); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 815 (M.D. Tenn. 2008).

---

[2] Plaintiff Pittman did not clearly articulate to the Court how many hours she worked and the number of days or weeks when she did not receive payment, but Plaintiff Pittman's declaration, as discussed in Plaintiffs' motion and supporting memorandum of law (Docket No. 2-3), indicate that she worked a total of 19 weeks, was paid for 10 of those weeks, and was not paid for 9 of those weeks.

10

Here, the Court finds that an award of liquidated damages is appropriate. Defendants have not shown that their failure to pay Plaintiffs was "in good faith" or that they had "reasonable grounds" to believe that their failure to pay Plaintiffs was a not a violation of the FLSA. Accordingly, the Court finds that an award of liquidated damages for unpaid minimum wages in the amounts of $5,510.00 to Plaintiff Johnson and $2,610.00 to Plaintiff Pittman is appropriate.

### 3. Breach of Contract or Quantum Meruit

Plaintiff Johnson requests $20,801.20 and Plaintiff Pittman requests $23,701.20 in contractual damages from Defendant Seeds of Change.[3] (*Id.*)

In his declaration, Plaintiff Johnsons states that he worked 40 hours per week; worked from September 1, 2021 to January 9, 2022, or for 19 weeks; had a pay rate of $34.62 per hour; and was paid $0 by Defendants. (Docket No. 31 at ¶¶ 2–3, 5.) Because Plaintiff Johnson was entitled to a contractual wage of $34.62 per hour, worked for 19 weeks, and worked 40 hours per week, he is entitled to $26,311.20 in wages. This amount is reduced by his unpaid minimum wage calculation of $5,510.00, so Plaintiff Johnson is owed a total of $20,801.20. Accordingly, the Court finds that an award of $20,801.20 in contractual damages to Plaintiff Johnson is appropriate.

In her declaration, Plaintiff Pittman states that she worked 40 hours per week; worked from September 1, 2021 to early January 2022; had a pay rate of $34.62 per hour; and was not paid by Defendants for her work in September 2021 or October 2021.[4] (Docket No. 32 at ¶¶ 2–5.) Because Plaintiff Pittman was entitled to a contractual wage of $34.62 per hour, worked for 19 weeks, and worked 40 hours per week, she is entitled to $26,311.20 in wages. This amount is reduced by her

---

[3] Plaintiffs do not specify whether they seek damages for breach of contract from both Defendants. However, as detailed above, the Court finds that Plaintiffs entered into an employment agreement with Defendant Seeds of Hope but not with Defendant Hawkins.

[4] *See supra*, n.2.

unpaid minimum wage calculation of $2,610.00. However, Plaintiff Pittman also stated that she was paid a total of $4,400.00 (*id.* at ¶ 5), so her total contractual damages must be even further reduced by this amount, for a total of $19,301.20. Accordingly, the Court finds that an award of $19,301.20 in contractual damages to Plaintiff Pittman is appropriate.

Alternatively, for the reasons discussed above, the Court finds that Plaintiffs are entitled to recover these damages under a theory of quantum meruit or unjust enrichment for work that they performed for Defendant Seeds of Hope. In other words, Plaintiff Johnson has incurred quantum meruit or unjust enrichment damages of $20,801.20 and Plaintiff Pittman has incurred quantum meruit or unjust enrichment damages of $19,301.20.

### 4. <u>Unpaid Overtime Wages (Johnson)</u>

Plaintiff Johnson requests $4,933.35 in unpaid overtime wages from both Defendants. (*Id.*) Under the FLSA, employes must pay overtime to non-exempt employees working over forty hours per week, and that pay rate must be at least one and one-half times the regular pay rate. 29 U.S.C. § 207(a)(1).

In his declaration, Plaintiff Johnson states that he worked 40 hours per week; worked from September 1, 2021 to January 9, 2022, or for 19 weeks; worked approximately 4 to 6 overtime hours per week; had a pay rate of $34.62 per hour; and was paid $0 by Defendants. (Docket No. 31 at ¶¶ 2– 5.) Because Plaintiff Johnson worked an average of 5 hours per week for 19 weeks at an overtime pay rate of $51.93 (or $34.62 per hour times one and one-half), he is entitled to $4,933.35 in unpaid overtime wages. Accordingly, the Court finds that an award of $4,933.35 in unpaid overtime wages to Plaintiff Johnson is appropriate.

### 5. Liquidated Damages for Unpaid Overtime Wages (Johnson)

Plaintiff Johnson requests $4,933.35 in liquidated damages for unpaid overtime wages from both Defendants. (*Id.*) Under the FLSA, successful claimants are entitled to "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A court "in its sound discretion" may reduce the amount of liquidated damages only if an employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of [FLSA]." 29 U.S.C. § 260. *See also* 29 C.F.R. 790.22(b); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 815 (M.D. Tenn. 2008).

Here, the Court finds that an award of liquidated damages is appropriate. Defendants have not shown that their failure to pay Plaintiff Johnson overtime wages was "in good faith" or that they had "reasonable grounds" to believe that their failure to pay Plaintiff Johnson was a not a violation of the FLSA. Accordingly, the Court finds that an award of liquidated damages for unpaid overtime wages in the amount of $4,933.35 to Plaintiff Johnson is appropriate.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiffs' unopposed motion (Docket No. 38) for default judgment against Defendants Seeds of Hope Staffing Agency and Julie Hawkins be **GRANTED IN PART**;

2. Plaintiff Timothy Johnson be awarded (i) damages of **$20,886.70** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally, and (ii) damages of **$20,801.20** assessed against Defendant Seeds of Hope Staffing Agency, comprised of the following:

a. Unpaid minimum wages in the amount of **$5,510.00** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally;

b. Liquidated damages for unpaid minimum wages in the amount of **$5,510.00** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally;

c. Contractual damages (or, in the alternative, damages under a theory of quantum meruit or unjust enrichment) in the amount of **$20,801.20** assessed against Defendant Seeds of Hope Staffing Agency;

d. Unpaid overtime wages in the amount of **$4,933.35** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally; and

e. Liquidated damages for unpaid overtime wages in the amount of **$4,933.35** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally.

3. Plaintiff Marteshia Pittman be awarded (i) damages of **$5,220.00** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally, and (ii) damages of **$19,301.20** assessed against Defendant Seeds of Hope Staffing Agency, comprised of the following:

a. Unpaid minimum wages in the amount of **$2,610.00** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally;

b. Liquidated damages for unpaid minimum wages in the amount of **$2,610.00** assessed against Defendants Seeds of Hope Staffing Agency and Julie Hawkins individually and jointly and severally; and

c. Contractual damages (or, in the alternative, damages under a theory of quantum meruit or unjust enrichment) in the amount of **$19,301.20** assessed against Defendant Seeds of Hope Staffing Agency.

4. A final judgment be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. of Civ. P. 72(b)(2), Local R. 72.02(b). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2), Local R. 72.02(b).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge